OPINION
On March 11, 1994, the Ashland County Grand Jury indicted appellant, Kenneth W. Wise, on one count of endangering children in violation of R.C. 2919.22(B)(4), one count of possessing criminal tools in violation of R.C. 2923.24(A) and one count of sexual imposition in violation of 2907.06(A)(4).
A jury trial commenced on May 24, 1994. The jury found appellant guilty as charged. By judgment entry filed July 12, 1994, the trial court sentenced appellant to a total term of three years in prison.
On September 20, 1996, appellant filed a petition for postconviction relief and filed an amended petition on November 15, 1996. On January 9, 1998, appellee, the State of Ohio, filed a motion to dismiss appellant's petition. By judgment entry filed January 12, 1998, the trial court denied appellant's petition.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 TRIAL COURT ABUSED IT'S POWER OF DISCRETION BY ACCEPTING THE PROSECUTOR'S CONTENTION OF UNTIMELY FILING OF PETITION WITHOUT CONSIDERATION OF CURRENT LAW, DENYING THE DEFENDANT DUE PROCESS.
II
 TRIAL COURT ABUSED IT'S POWER OF DISCRETION BY ACCEPTING THE PROSECUTOR'S CONTENTION OF NO SUBSTANTIAL GROUNDS FOR RELIEF WERE SOUGHT WITHOUT CONSIDERATION OF A HEARING, DENYING THE DEFENDANT DUE PROCESS.
III
 TRIAL COURT ABUSED IT'S POWER OF DISCRETION BY ACCEPTING THE PROSECUTOR'S CONTENTION OF NO RELIEF SOUGHT THAT CAN BE GRANTED BY POST CONVICTION RELIEF MOTION, WITHOUT CONSIDERATION OF A HEARING, DENYING THE DEFENDANT DUE PROCESS.
IV
 TRIAL COURT ABUSED IT'S POWER OF DISCRETION BY ALLOWING THE PROSECUTOR IN EXCESS OF 16 MONTHS (480 DAYS) TO ANSWER THE DEFENDANT'S PETITION, WITHOUT CONSIDERATION OF A HEARING, AND ALLOWING THE PROSECUTOR 11 MONTH'S TO ANSWER AFTER THE DEFENDANT FILED A MOTION FOR DECISION, DENYING THE DEFENDANT A REMEDY WITHOUT DENIAL OR DELAY AS GUARANTEED BY THE OHIO CONSTITUTION AND DUE PROCESS.
 I
Appellant claims the trial court erred in dismissing his petition for postconviction relief because it was not timely filed. We agree.
Section 3 of S.B. No. 4 provides as follows:
 A person who seeks post-conviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act or to an adjudication as a delinquent child and order of disposition ordered prior to the effective date of this act shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year of the effective date of this act, whichever is later.
The effective date of S.B. No. 4 was September 21, 1995. Appellant filed his petition on September 20, 1996. Appellant's petition was filed within the one year time frame created by the act therefore, appellant's petition was timely.
Assignment of Error I is granted.
 II, III
Appellant's second and third assignments of error challenge the trial court's finding of no substantive grounds for relief.
R.C. 2953.21 governs petitions for postconviction relief. Subsection (C) requires a trial court to determine whether there are substantive grounds for relief before granting an evidentiary hearing. In making such a determination, the trial court shall consider the petition, the supporting affidavits, the files and records pertaining to the proceeding and the transcript. Subsection (G) provides "[i]f the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition."
By judgment entry filed January 12, 1998, the trial court denied appellant's petition as follows:
 This cause came on by Defendant's Amended Petition for Post-Conviction Relief. The State of Ohio filed a Motion to Dismiss the Defendant's Amended Petition for Post-Conviction Relief by and through the Ashland County Prosecuting Attorney's Office.
 This Court FINDS that Defendant's Motion was not filed timely, the Defendant filed no substantial grounds for relief, and the Defendant has not sought any relief that can be granted through a post-conviction relief motion. Therefore, Defendant's Amended Petition for Post-Conviction Relief is overruled.
This judgment entry does not comply with the mandates of R.C.2953.21(G). We are unable to review the merits of these assignment of error without findings of fact and conclusions of law. The case is remanded to the trial court for compliance with R.C. 2953.21(G).
 IV
Appellant claims the trial court erred in considering appellee's motion to dismiss because it was untimely filed. We disagree.
Appellant filed his petition for postconviction relief on September 20, 1996 and an amended petition on November 15, 1996. Appellee filed a motion to dismiss on January 9, 1998. R.C.2953.21(D) requires a response by answer or motion within ten days after the docketing of the petition or "within any further time that the court may fix for good cause shown."
Although appellee's response was filed beyond the ten day time limit, the trial court had discretion to consider it "for good cause shown." In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
A trial court's initial review pursuant to R.C. 2953.21(G) is separate and apart from any consideration of a response by the state. Upon review, we find the trial court did not abuse its discretion in considering appellee's response.
Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed and remanded.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is reversed and remanded to said court for findings of fact and conclusions of law pursuant to R.C. 2953.21(G).